IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DEREK BOYD,** )<br>)<br>Plaintiff, )<br>) **Civil Action No.:**<br>v. )<br>)<br>**TEAM ONE LOGISTICS, LLC,** )<br>)<br>Defendant. ) | |

**PLAINTIFF'S COMPLAINT WITH
DEMAND FOR JURY TRIAL**

Now comes the Plaintiff, DEREK BOYD (hereinafter "Plaintiff" or "Boyd"), and files his Complaint against the Defendant, TEAM ONE LOGISTICS, LLC (hereinafter "Defendant" or "Team One") and says:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages, pursuant to the Family and Medical Leave Act of 1996, 29 U.S.C. § 2601, *et seq.* (hereinafter the "FMLA") and Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* (hereinafter the "ADA").

2. This is an action to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination, harassment, and

1

relation against Plaintiff because of his disability, and Defendant's interference with and retaliation towards Plaintiff for exercising his rights under the FMLA.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding Plaintiff's rights under the FMLA and the ADA.

4. Venue is proper in this district pursuant to 38 U.S.C. § 4323(c)(2) and 28 U.S.C. §1391(b), because Team One, maintains its corporate office in this District, Plaintiff reported to Team One's corporate office in this District, and because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## PARTIES

5. Plaintiff, Boyd, is a citizen of the United States, and is and was at all times material, a resident of the State of Texas, but reported to Defendant's corporate office in Alpharetta, Georgia.

6. Defendant, Team One, is a Domestic Limited Liability Company with its principal place of business in Alpharetta, Georgia.

7. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

8. Plaintiff has complied with all statutory prerequisites to filing this action.

9. On July 2, 2019, Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC"), satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e).

10. Plaintiff's EEOC charge was filed within one hundred and eighty days after the alleged unlawful employment practices occurred.

11. On July 9, 2020, the EEOC issued to Plaintiff a Notice of Right to Sue, upon request.

12. This complaint was filed within ninety days of the issuance of the EEOC's Right to Sue letter.

## FACTUAL ALLEGATIONS

13. At all times material, Plaintiff worked remotely from Dallas, Texas and reported to Defendant's principal place of business, located at 960 North Point Parkway #300, Alpharetta, Georgia 30005.

14. Plaintiff was employed by Defendant for approximately one (1) year and three (3) months, from April 2018 through July 2019, and at the time of his termination, Plaintiff held the position of Corporate Talent Manager.

15. Plaintiff was a full-time employee who regularly worked at least forty (40) hours per week.

16. Plaintiff satisfactorily performed the duties and requirements of his job position.

17. In October 2017, Plaintiff was diagnosed with a disability.

18. In or around August 2018, Plaintiff informed Mark Messmer, Vice President of Human Resources, that he was diagnosed with his disability.

19. After Mr. Messmer learned of Plaintiff's diagnosis, he began to treat Plaintiff in a disrespectful and hostile manner.

20. For example, Mr. Messmer started to belittle Plaintiff by making rude comments such as calling Plaintiff a "little girl," "fat," and that he "whines too much."

21. Mr. Messmer made these harassing, discriminatory comments both over the phone and in person, at times in front of other employees.

22. Mr. Messmer did not speak to other employees in this manner and did not speak to Plaintiff in this manner prior to learning of his disability.

23. In or around January 2019, during a conference call with approximately five to ten employees, Defendant's Vice President advised that Team One should refrain from hiring employees who have disabilities, because of the costs associated

with disabled employees. During this call, the Vice President stated, "we have employees that have costed us a lot of money."

24. Beginning in early 2019, Mr. Messmer would email Plaintiff individually during group conference calls. During these calls, Mr. Messmer would send emails to Plaintiff with subject lines such as "WTF" and "shut up," in effort to harass Plaintiff.

25. On Saturday, May 4, 2019, Mr. Messmer called Plaintiff and aggressively berated him for not tracking a mail item. Mr. Messmer screamed at Plaintiff, "what the fuck are you doing…why the fuck are you not tracking that package… get the fuck up."

26. Due to the adverse effect of the hostile work environment on Plaintiff's disability, Plaintiff requested FMLA paperwork and ADA accommodation paperwork that same day.

27. Plaintiff submitted his request for intermittent leave under the FMLA, along with documentation from his doctor requesting the reasonable accommodation.

28. On or about Tuesday, May 7, 2019, Plaintiff called Mary Ann Dimarzio, Director of Human Resources, and verbally complained about Mr. Messmer's discrimination and ongoing harassment. Plaintiff informed Ms.

Dimarzio that Mr. Messmer was frequently calling Plaintiff names, making fun of Plaintiff, using profanity, calling Plaintiff a "fucking idiot," and calling Plaintiff at all hours and on Plaintiff's days off, in effort to harass him and create a hostile work environment.

29. On Tuesday, May 7, 2019, Plaintiff was written-up in retaliation for his request for FMLA leave and in retaliation for his complaint about discrimination.

30. Additionally, Defendant refused to grant Plaintiff's request for reasonable accommodation.

31. Plaintiff used intermittent FMLA leave on Thursday May 30, Friday May 31, and Monday June 3, 2019.

32. In retaliation to his use of leave, Defendant issued Plaintiff an unwarranted write-up upon his return to work on Tuesday, June 4, 2019.

33. Plaintiff used intermittent FMLA on Monday, June 24, 2019. When he returned to work on June 25, Plaintiff was given two unwarranted write-ups and placed on four weeks of probation.

34. Defendant issued discipline to Plaintiff in retaliation to his use of protected medical leave.

35. Prior to Plaintiff's use of leave under the FMLA, Plaintiff was not aware and/or put on notice of any alleged deficiencies within his performance. In

fact, throughout his tenure with Defendant, Plaintiff had never received any disciplinary action and/or poor work performance evaluation(s) prior to his disclosure of his disability and request for protected medical leave.

36. On July 2, 2019, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission.

37. On or about July 30, 2019, Defendant terminated Plaintiff's employment.

38. Upon information and belief, Defendant's justification for Plaintiff's termination was pretextual and made in retaliation for Plaintiff's legitimate and lawful exercise of his rights under the FMLA.

39. Plaintiff has been damaged by Defendant's illegal conduct.

40. Plaintiff has retained the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## Count I: FMLA Retaliation

41. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-40 above.

42. Plaintiff was an employee eligible for protected leave under the FMLA.

43. Defendant is and was an employer as defined by the FMLA.

44. Plaintiff exercised, or attempted to exercise, his rights under the FMLA.

45. Defendant retaliated against Plaintiff for exercising, or attempting to exercise, his FMLA rights.

46. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

47. Plaintiff was injured due to Defendant's willful violation of the FMLA, to which he is entitled to legal relief.

### Count II: FMLA Interference

48. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-40 above.

49. Plaintiff was an employee eligible for protected leave under the FMLA.

50. Defendant is and was an employer as defined by the FMLA.

51. Plaintiff exercised, or attempted to exercise, his rights under the FMLA.

52. Defendant interfered with Plaintiff's lawful exercise of his FMLA rights.

53. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

54. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which he is entitled to legal relief.

## Count III: Disability Discrimination in violation of the ADA

55. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-40 above.

56. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

57. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

58. Defendant is prohibited under the ADA from discriminating against Plaintiff because of Plaintiff's disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

59. Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on Plaintiff's disability.

60. Defendant intentionally discriminated against Plaintiff on the basis of Plaintiff's disability.

61. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and

suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

62. Defendant's unlawful conduct in violation of the ADA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

### Count IV: Retaliation in Violation of the ADA

63. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-40 above.

64. Plaintiff engaged in protected activity under the ADA on more than one occasion while employed by Defendant.

65. Defendant engaged in intentional retaliation against Plaintiff for Plaintiff's participation in protected activity.

66. Defendant's conduct violated the ADA.

67. Defendant intentionally retaliated against Plaintiff for engaging in protected activity under the ADA.

68. Defendant's conduct violates the ADA.

69. Plaintiff has satisfied all statutory prerequisites for filing this action.

70. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which Plaintiff is entitled to damages.

71. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling Plaintiff to compensatory damages.

72. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling Plaintiff to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in the amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b) Grant Plaintiff his costs and an award of reasonable attorneys' fees (including expert witness fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Gary Martoccio**
Gary Martoccio
Georgia Bar Number: 497511
**Spielberger Law Group**
4890 W. Kennedy Blvd., Ste. 950
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499
Gary.Martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*

## CERTIFICATION

The above-signed counsel hereby certifies that this document was prepared in Times New Roman 14-point font and a 1.5 inch top margin in accordance with LR 5.1B, N.D.Ga.

**/s/ Gary Martoccio**
Gary Martoccio